IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JERRY BOBBY REEVES,

        Defendant.

CR No. 97-60069-AA

OPINION AND ORDER

AIKEN, Judge:

    Defendant, appearing *pro se*, requests the court for a reduction in his sentence, based on false statements provided by confidential informants and investigating officers and the finding by the Bureau of Prisons (BOP) that plaintiff is ineligible for early release if he completes the Residential Drug Abuse Program (RDAP).

    Defendant's first claim challenges the legality of his conviction and/or sentence, and is properly brought under 28 U.S.C.

1   - OPINION AND ORDER

§ 2255. However, the statute of limitations for bringing a § 2255 motion has long passed. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.").

Defendant's second claim challenges the execution of his sentence and is properly brought under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). However, defendant cannot obtain the relief he seeks. While the BOP is authorized to reduce the sentence of eligible prisoners who complete the RDAP, it is not required to do so. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added); see also Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

Further, the BOP has deemed prisoners ineligible for early release if they have "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses." 28 C.F.R. § 550.58(a)(1)(iv). Here, defendant was convicted in 1961 of a misdemeanor offense against public morals for sexual conduct involving a teen-age girl. The

2    - OPINION AND ORDER

Supreme Court has concluded that the BOP "may categorically exclude prisoners based on their pre-conviction conduct," and defendant presents no argument as to why this exclusion should not apply. Lopez, 531 U.S. at 244.

Accordingly, defendant's Motion to Reduce Sentence (doc. 98) is DENIED. IT IS SO ORDERED.

Dated this  11  day of August, 2006.

                         Ann Aiken
                   United States District Judge

3   - OPINION AND ORDER